IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy O'Neal, | ) | C/A No.: 1:23-6177-SAL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Warden S. Jansen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Timothy O'Neal ("Petitioner") is a federal inmate now in the custody of the Federal Correctional Institution in Oakdale, Louisiana ("FCI-Oakdale"). He filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). For the reasons that follow, the undersigned recommends the district judge transfer this case to the Western District of Louisiana.

I.  Factual and Procedural Background

Petitioner brought this action on December 1, 2023, when he was housed at the Federal Correctional Institution-Edgefield in Edgefield, South Carolina. [ECF No. 1]. On December 12, 2023, the undersigned issued an order directing Petitioner to bring this case into proper form by paying the filing fee. [ECF No. 5]. On December 12, 2023, the court received a letter from Petitioner indicating he had requested the filing fee be sent from his account

and that he was in transit to a new institution. Also on December 12, 2023, the court received the filing fee. A search of the BOP website indicates Petitioner has been transferred to custody of FCI-Oakdale. *See* https://www.bop.gov/inmateloc/ (last visited January 5, 2023).

II. Discussion

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

Although Petitioner was incarcerated in the District of South Carolina, he is presently incarcerated at FCI-Oakdale. Petitioner's current custodian, the Warden of FCI-Oakdale, is therefore the proper party respondent to Petitioner's § 2241 petition. Accordingly, this petition is better considered by the Western District of Louisiana. *See Rumsfeld*, 542 U.S. at 445 ("[T]he

custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction.").[1] The undersigned finds transfer of the instant petition to the Western District of Louisiana would serve the interests of justice and would not prejudice either party. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.").

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be transferred to the United States District Court for the Western District of Louisiana.

IT IS SO RECOMMENDED.

January 8, 2024                                                  Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] The court notes that this District is not deprived of subject matter jurisdiction by Petitioner's transfer. *See Hill v. Quintana*, 770 F. App'x 66, 57 (4th Cir. 2019). However, given the early stage of this litigation, transfer is appropriate in this particular case.

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).